IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MEGAN HOOKEY,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-08-02284 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **MORROSA LOMAS,** *et al.*, | : | |
| | : | |
| Defendants | : | |

# **M E M O R A N D U M**

Plaintiff Megan Hookey ("Hookey") initiated this civil rights action on December 22, 2008 with a complaint filed pursuant to the provisions of 42 U.S.C. § 1983, (Doc. 1), as amended April 29, 2009, (Doc. 25), while confined at the State Correctional Institution in Muncy, Pennsylvania ("SCI-Muncy"). Hookey sets forth allegations against several employees of the Pennsylvania Department of Corrections ("DOC"), a Pennsylvania State Trooper, an employee of the Lighthouse Prison Ministry, and the Honorable John DiSalle of the Court of Common Pleas of Washington County, Pennsylvania. Hookey contends that all these Defendants violated her constitutional rights in the context of state court custody proceedings involving her child. She seeks compensatory and punitive damages, as well as declaratory relief.

Before the court is a motion to dismiss the amended complaint, filed by Defendant Judge DiSalle. (Doc. 46.) For the reasons that follow, the motion will be granted.

I. **Background**

Hookey began her incarceration at SCI-Muncy on January 23, 2008. (Doc. 25 ¶ 14.) At the time, she was pregnant. (*Id*.) According to Hookey, prior to giving birth, she arranged for the agency Lighthouse Prison Ministry to care for the child after its birth. (*Id*. ¶ 20.) Hookey and a caretaker from the agency named Susie Mack signed an agreement granting Ms. Mack legal and physical custody of the child until Hookey's release from prison. (*Id*. ¶ 21.)

After Hookey gave birth to a son while still incarcerated, an individual named Aaron Jones filed for custody of the child on April 8, 2008. (*Id*. ¶ 22.) Hookey maintains that Jones is not the biological father of her child. (*Id*. ¶ 23.) On July 28, 2008, Judge DiSalle entered an order awarding sole custody of the child to Aaron Jones, and allowed law enforcement to enforce the order. (*Id*. ¶ 27.) Hookey contends that Judge DiSalle violated her constitutional rights to equal protection for failing to stay the custody case pending the resolution of a paternity test. (*Id*. ¶ 26.)

On July 28, 2008, with the court order and the assistance of Defendant Townshend, a Pennsylvania State Trooper, Jones acquired physical custody of the child from Susie Mack. (*Id*. ¶ 28.) Thereafter, on October 14, 2008, Hookey avers that she sent a letter to Judge DiSalle "to file motions pursuant to case, and attached personal letter to defendant DiSalle about abuse, neglect, and illegal proceedings he authorized." (*Id*. ¶ 38.) She also claims that she has written thirty-one letters to Judge DiSalle "about illegal proceedings, violations of the court laws that he authorized leading to abuse, neglect, and possible death of the plaintiff Hookey's infant." (*Id*. ¶ 39)

On November 18, 2008, Judge DiSalle issued an order scheduling a custody review hearing for January 6, 2009. (*Id*. ¶¶ 47-48.) In the order, Judge DiSalle directed SCI-Muncy officials to allow Hookey to participate by telephone. (*Id*. ¶ 48.) According to Hookey, SCI-Muncy officials refused to comply with Judge DiSalle's order. (*Id*. ¶ 49.) She claims that she filed with Judge DiSalle a motion to compel SCI-Muncy officials to allow her participation. (*Id*. ¶ 50.) Hookey contends that Judge DiSalle violated her constitutional rights of equal protection and access to courts by ignoring that motion and refusing to allow her to testify about the abuse and neglect suffered by her child. (*Id*. ¶ 51.)

3

Hookey filed the amended complaint on April 29, 2009, seeking compensatory and punitive damages against all the Defendants. (*Id*. ¶¶ 64-65.) She also seeks a declaratory judgment that the Defendants' actions were illegal and unconstitutional.[1] (*Id*. ¶ 66.) Judge DiSalle filed the instant motion to dismiss Hookey's amended complaint on July 20, 2009, based on the doctrine of judicial immunity. (Doc. 46.) This motion is now ripe for disposition.

## II. **Motion to Dismiss Standard**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case – some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted).

---

[1] As the Third Circuit Court of Appeals has concluded, "[d]eclaratory judgment is inappropriate solely to adjudicate past conduct . . . [n]or is declaratory judgment meant simply to proclaim that one party is liable to another." *Corliss v. O'Brien*, 200 F. App'x, 80, 84 (3d Cir. 2006) (citations omitted). Because Hookey seeks declaratory relief here for these very reasons, she is not seeking declaratory relief "in the true legal sense," *id*., and thus her relief requested will be limited to monetary damages.

4

"[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id*. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 550 U.S. at 555; *accord*, *e.g.*, *Phillips*, 515 F.3d at 231-32; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (the court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). *See also Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009) (recognizing that Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (quoting *Twombly*, 550 U.S. at 555).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most

favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). *Accord Phillips*, 515 F.3d at 233. If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 570; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007). *See Iqbal*, 129 S. Ct. at 1949 (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 555).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263,

268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

### III. Discussion

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. *Martinez v. California*, 444 U.S. 277, 285 (1980).[2] A prerequisite for a viable civil rights claim is

---

[2] The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d. 128 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*, 444 U.S. at 285.

that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). On its face, § 1983 creates no exceptions to the liability it imposes, nor does it speak of immunity for any individual who might deprive another of civil rights. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). Nevertheless, it is well-settled that certain government officials possess immunity from § 1983 liability. *Id*.

Defendant Judge DiSalle has filed a motion to dismiss Hookey's amended complaint based on the doctrine of absolute judicial immunity. Upon review, the court agrees that Judge DiSalle is entitled to absolute judicial immunity and his motion to dismiss will be granted.

"The Supreme Court has long recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). A judge does not forfeit that immunity simply because his action was erroneous, done maliciously, or exceeded his authority. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial immunity does not apply to nonjudicial actions or to actions, that, while judicial in nature, are taken in the complete absence of all jurisdiction. *Gallas*, 211 F.3d at 768. "Factors which determine whether an act is a 'judicial act' 'relate to the nature of the

9

act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443 (3d Cir. 2000) (quoting *Stump*, 435 U.S. at 362). Generally, where a court has some subject matter jurisdiction, there will be sufficient jurisdiction for purposes of judicial immunity. *Figueroa*, 208 F.3d at 443-44.

In the instant case, Hookey complains about Judge DiSalle's actions with respect to the custody proceedings related to her child. She claims that Judge DiSalle ignored a motion she filed and refused to allow her to participate at the January 6, 2009 custody hearing. Because these allegations raised by Hookey relate to acts or omissions taken by Judge DiSalle during the exercise of his official duties, the doctrine of absolute judicial immunity bars these claims against him. As a result, the court will grant the motion to dismiss the amended complaint as to Defendant Judge DiSalle.

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated: March 11, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MEGAN HOOKEY,**                    :
                                      :
    **Plaintiff**       :     **CIVIL NO. 1:CV-08-02284**
                                      :
  **v.**                          :     **(Judge Rambo)**
                                      :
**MORROSA LOMAS,** *et al.*,         :
                                      :
    **Defendants**      :

## **O R D E R**

In accordance with the attached memorandum of law, **IT IS HEREBY ORDERED THAT** the motion to dismiss, (Doc. 46), is **GRANTED** and the Honorable John F. DiSalle is **DISMISSED** from this action.

                                s/Sylvia H. Rambo
                               United States District Judge

Dated: March 11, 2010.