IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MEGAN HOOKEY,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-08-02284** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **HARRIET DALTON,** | : | |
| | : | |
| **Defendant** | : | |

## **M E M O R A N D U M**

Plaintiff Megan Hookey ("Hookey"), an inmate confined at the State Correctional Institution in Muncy, Pennsylvania ("SCI-Muncy"), initiated this *pro se* civil rights action with the filing of a complaint pursuant to 42 U.S.C. § 1983 on December 22, 2008, as amended on April 29, 2009. (Doc. 25.) Hookey has set forth allegations against several employees of the Pennsylvania Department of Corrections ("DOC") and Pennsylvania State Trooper David Townshend ("Commonwealth Defendants," collectively); Harriet Dalton, an employee of the Lighthouse Prison Ministry; and the Honorable John DiSalle of the Court of Common Pleas of Washington County, Pennsylvania. Hookey contends that all these Defendants violated her constitutional rights in the context of state court custody proceedings involving her child.

Presently pending is Hookey's motion for default judgment as to Defendant Dalton. (Doc. 87.) For the reasons that follow, the court will construe an earlier-filed letter from Defendant Dalton as a motion to set aside the entry of default and grant that motion based on a finding of good cause. Thus, the motion for default judgment will be deemed moot. In addition, the court will further screen the claims against Defendant Dalton in the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss those claims as frivolous and for failure to state a constitutional claim.

I. **Background**

In her amended complaint, Hookey asserts the following. Hookey began her incarceration at SCI-Muncy on January 23, 2008. (Doc. 25 ¶ 14.) At the time, she was pregnant. (*Id*.) According to Hookey, prior to giving birth, her parenting counselor at SCI-Muncy contacted Defendant Dalton for arrangements for Dalton's agency, Lighthouse Prison Ministry, to care for the child after its birth. (*Id*. ¶ 20.) Hookey and a caretaker from the agency named Susie Mack signed an agreement granting Mack legal and physical custody of the child until Hookey's release from prison. (*Id*. ¶ 21.)

After Hookey gave birth to a son while still incarcerated, an individual named Aaron Jones filed for custody of the child on April 8, 2008. (*Id*. ¶ 22.) Hookey

2

maintains that Jones is not the biological father of her child. (*Id.* ¶ 23.) On July 28, 2008, Judge DiSalle entered an order awarding sole custody of the child to Aaron Jones and allowed law enforcement to enforce the order in order to give physical custody of the child to Jones. (*Id.* ¶ 27.)

On July 28, 2008, with the court order and the assistance of Defendant Townshend, a Pennsylvania State Trooper, Jones acquired physical custody of the child from Susie Mack. (*Id.* ¶ 28.) On November 18, 2008, Judge DiSalle issued an order scheduling a custody review hearing for January 6, 2009. (*Id.* ¶¶ 47-48.) In the order, Judge DiSalle directed SCI-Muncy officials to allow Hookey to participate by telephone. (*Id.* ¶ 48.) According to Hookey, SCI-Muncy officials refused to comply with Judge DiSalle's order and thus she was unable to testify at the review hearing about the abuse and neglect suffered by her child. (*Id.* ¶ 49.)

Hookey filed the amended complaint on April 29, 2009, seeking compensatory and punitive damages against all the Defendants.[1] (*Id.* ¶¶ 64-65.) Motions to dismiss were filed by the Commonwealth Defendants and Judge DiSalle on June 29, 2009 and

---

[1] She also sought a declaratory judgment that the Defendants' actions were illegal and unconstitutional. However, the Third Circuit Court of Appeals has concluded, "[d]eclaratory judgment is inappropriate solely to adjudicate past conduct . . . [n]or is declaratory judgment meant simply to proclaim that one party is liable to another." *Corliss v. O'Brien*, 200 F. App'x, 80, 84 (3d Cir. 2006) (citations omitted). Because Hookey seeks declaratory relief here for these very reasons, she is not seeking declaratory relief "in the true legal sense," *id.*, and thus her relief requested will be limited to monetary damages.

3

July 20, 2009, respectively. (Docs. 40, 46.) The court granted these motions on March 15, 2010 and March 11, 2010, respectively, and dismissed these parties. (Docs. 73, 71.) Defendant Dalton, however, did not file an answer or seek an enlargement of time in which to do so. Thus, she is the remaining defendant in this case. In her amended complaint, Hookey sets forth a blanket allegation that Defendant Dalton violated her right to equal protection seemingly for failing to assist her in her custody case. (*See* Doc. 25 ¶ 40-42.) She further claims that Defendant Dalton was deliberately indifferent to the safety and medical needs of herself and her child. (*Id.* at ¶ 61.)

On July 6, 2010, Hookey filed a declaration for entry of default as to Defendant Dalton. (Doc. 84.) Accordingly, on July 28, 2010, the Clerk of Court entered default against Defendant Dalton for failure to plead or otherwise defend pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 85.) Subsequently, Defendant Dalton filed a letter informing the court that she was in receipt of the Clerk's entry of default, but has no attorney, nor can she afford one. (*See* Doc. 86.) Further, she provided the following response to the allegations set forth against her by Hookey in the amended complaint:

> I [help] inmates find care for their children while they are incarcerated. I also provide a suitcase of clothes for those being released and have nothing.

4

> This is exactly what I did for Megan. I found her a caretaker, of the mennonite faith who would care for her baby, take him to visit her, etc. When the child was born there was no father in the picture. I was not aware that the baby's father, accompanied by the police, came and took the baby until quite some time later. Then I did not hear it from the caretaker or Megan, I heard it from a friend of the caretaker. I naturally assumed that if the police accompanied the man to pick up the baby that it was all legal. I never heard anything more about it until I received the letter from the attorney.
>
> I knew the letter said I needed to respond so I did write to Megan. I thought she was who I needed to contact. I sent the letter to the prison. It was not returned to me so I assumed she received it and that I did the proper thing.

(*Id*.)

Presently pending is Hookey's motion for default judgment as to Defendant Dalton. (Doc. 87.) In light of Defendant Dalton's letter, which provides a response to the allegations set forth in the amended complaint, the court is not inclined to grant Hookey's motion. Rather, the court will construe Defendant Dalton's letter as a motion to set aside the entry of default, and upon consideration of Defendant Dalton's letter and further consideration of the amended complaint, the court will set aside the default judgment as to Defendant Dalton for good cause, *see* Fed. R. Civ. P. 55(c), as Hookey's claims against Defendant Dalton are frivolous and fail to state a claim against her on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B).

## II. **Discussion**

The court will first address whether to set aside the entry of default as to Defendant Dalton. After exercising its discretion to set aside the entry of default, the court will discuss whether Hookey has stated a constitutional claim against Defendant Dalton.

### A. **Setting Aside A Default**

The court may set aside an entry of default for good cause shown. Fed. R. Civ. P. 55(c). In determining whether to exercise its discretion to set aside an entry of default, the court must consider the following three factors: (1) whether the defendant has a meritorious defense; (2) whether the plaintiff would be prejudiced by vacating the default; and (3) whether the default occurred as a result of the defendant's culpable conduct. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). Any doubt should be resolved in favor of setting aside the default and reaching a decision on the merits. *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983).

### 1. **Meritorious Defense**

A meritorious defense exists if the alleged facts which, "if established at trial, would completely bar plaintiff['s] recovery." *Jackson v. Delaware County*, 211 F.R.D. 282, 284 (E.D. Pa. 2002) (citations omitted). The defaulting party is not required to "prove beyond a shadow of a doubt that [she] will win at trial, but merely to show that [she has] a defense to the action which at least has merit on its face." *Id.* (citations omitted). Here, Defendant Dalton asserts that she simply found a caretaker for Hookey prior to the child's birth. (Doc. 86.) She further asserts that she did not know at the time that law enforcement arrived at the caretaker's home with the child's father to take custody. (*Id.*) If these facts are established at trial, they would constitute a meritorious defense to Hookey's claim for damages against Defendant Dalton for her alleged involvement in her custody case at the time custody was awarded to Jones and he took custody of the child.

### 2. **Prejudice**

The court next considers whether setting aside an entry of default will result in prejudice to Hookey. Setting aside an entry of default prejudices a plaintiff where it results in "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982). Here, Hookey has not asserted a loss of available evidence,

an increased potential for fraud, or a substantial reliance upon the default. Moreover, there is nothing in the record to suggest that setting aside the entry of default as to Defendant Dalton and considering Hookey's claims against her will prejudice Hookey.

### 3. **Culpable Conduct**

A defendant's conduct is culpable where its delay in answering is willful or in bad faith. *See Feliciano*, 691 F.2d at 657. More than mere negligence must be demonstrated. *Hurtz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984). Determining whether neglect is excusable is an "equitable" determination that "takes account of all relevant circumstances surrounding the party's omission." *Manus Corp. v. NRG Energy, Inc.*, 188 F.3d 116, 125 (3d Cir. 1999) (citation omitted). Here, Defendant Dalton explains that her failure to respond was due to a lack of legal knowledge of how to respond to a civil complaint against her. (Doc. 86.) She further claims that when she received a letter from an attorney,[2] who contacted her purportedly at some point after the initial complaint was served, she simply thought that she had to respond to Hookey directly, which she did. (*Id.*) Because the letter she wrote to Hookey was not returned to her, she believed that her involvement in the case had ceased. (*Id.*) In light of this explanation, the court does not believe that

---

[2] Defendant Dalton does not identify the attorney who contacted her.

8

Defendant Dalton's failure to respond was sufficiently willful or in bad faith to warrant maintenance of the entry of default.

### 4. <u>Summary</u>

Upon consideration of the motion to set aside the entry of default as to Defendant Dalton, the court finds that: (1) Defendant Dalton presents a meritorious defense to Hookey's claims against her; (2) Hookey is not prejudiced by setting aside default as to Defendant Dalton as the court will now consider the claims set forth against Defendant Dalton; and (3) default did not occur as a result of Defendant Dalton's culpable conduct. Given this conclusion, the court finds good cause for setting aside the entry of default as to Defendant Dalton. *See* Fed. R. Civ. P. 55(c). As a result, Hookey's motion for default judgment (Doc. 87) shall be deemed moot.

### B. <u>Claims Against Defendant Dalton</u>

Section 1915(e)(2) of Title 28 of the United States Code authorizes the court to dismiss "at any time" a civil action brought by a prisoner *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Under that section, the court shall dismiss a case if it determines, *inter alia*, that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A court may dismiss a claim as legally frivolous if it is based on an indisputably meritless legal theory. *Deutsch v. United States*, 67 F.3d 1080, 1085-87 (3d Cir. 1995). In addition, a district court may dismiss a claim as factually frivolous if the factual contentions are

clearly baseless. *Id.* (citations omitted). A case may also be dismissed if the court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

In her amended complaint, Hookey claims that Defendant Dalton violated her right to equal protection when she placed Hookey's child with a caretaker while Hookey served her prison sentence.[3] She also claims that Defendant Dalton, along with the other defendants, were deliberately indifferent to the safety and medical needs of herself and her child. From a reading of the complaint as a whole, these claims are factually frivolous and fail to state a constitutional claim.

Turning first to equal protection, the Equal Protection Clause of the Fourteenth Amendment directs that all individuals similarly situated be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 472 U.S. 432, 439 (1985). Two theories exist upon which a plaintiff may assert an equal protection claim. The traditional theory protects a plaintiff from discriminatory treatment based on membership in a protected class such as gender or race. *See, e.g., Cleburne Living Ctr.*, 473 U.S. at 439; *McLaughlin v. Florida*, 379 U.S. 184, 192 (1964). In contrast, under the class-of-one theory, a

---

[3] As set forth above, Defendant Dalton was working for Lighthouse Prison Ministry at the time of the allegations set forth in the complaint. Although the court is unaware of the relationship between Lighthouse Prison Ministry and the Pennsylvania Department of Corrections, for purposes of this discussion only, the court will assume that Defendant Dalton is a state actor liable under § 1983.

10

plaintiff may have an equal protection claim even absent protected-class status if he or she alleges irrational and intentional differential treatment when compared with similarly situated individuals. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Here, Hookey asserts that it was her parenting counselor at the prison who contacted Defendant Dalton's agency, Lighthouse Prison Ministry, in 2008 for possible placement for Hookey's child while she served her sentence. She agreed to this placement and does not assert that it took place against her will. Importantly, she does not assert that she was treated any differently by Defendant Dalton from another prisoner who was placing a child with a caretaker. In fact, reading the complaint liberally, there is nothing to suggest that Hookey could establish a violation of her equal protection rights at the hands of Defendant Dalton under either theory set forth above. Thus, Hookey's claim of equal protection as to Defendant Dalton is factually frivolous.

Turning to Hookey's deliberate indifference claim, an Eighth Amendment claim against a state official must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the official "must have a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate

11

health or safety." *Id.* Under *Farmer*, deliberate indifference is a subjective standard in that the state official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Here, there is nothing in the complaint to connect Defendant Dalton to any of the allegations with respect to deliberate indifference to Hookey's medical care. Simply put, Defendant Dalton has no responsibility for Hookey's incarceration or care provided while incarcerated. Thus, Hookey's claim against Defendant Dalton for deliberate indifference to her care and safety is frivolous. Further, even if the court were to construe Hookey's deliberate indifference claim against Defendant Dalton as one relating to the safety and medical care of her child, she fails to meet the subjective standard under the deliberate indifference requirements. Hookey herself concedes that when she contacted Defendant Dalton about law enforcement arriving at the caretaker's home with the child's father to take custody, Defendant Dalton informed her that she knew nothing about it, nor had any knowledge of her custody case since helping Hookey find a caretaker. Thus, Hookey's claim here fails.

As Hookey's constitutional claims against Defendant Dalton have been determined to be frivolous and fail to state a claim, the court will dismiss the complaint as to this remaining Defendant under 28 U.S.C. § 1915(e)(2)(B). Further, the court finds that it would be futile to allow Hookey to amend her complaint yet again since her claims against this remaining Defendant are frivolous and do not rise to the level of a constitutional claim.

### III. Conclusion

For the reasons set forth herein, the entry of default as to Defendant Dalton will be set aside. As a result, Hookey's motion for default judgment will be deemed moot. Additionally, upon further screening under 28 U.S.C. § 1915(e)(2)(B), the third amended complaint will be dismissed as to Defendant Dalton because Hookey's claims against her are frivolous and fail to state a constitutional claim.

An appropriate order will issue.

           s/Sylvia H. Rambo
           SYLVIA H. RAMBO
           United States District Judge

Dated: October 21, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MEGAN HOOKEY,**

    **Plaintiff**

**v.**

**HARRIET DALTON,**

    **Defendant**

: CIVIL NO. 1:CV-08-02284
:
: (Judge Rambo)
:

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The motion to set aside default as to Defendant Dalton (Doc. 86) is **GRANTED** and the Clerk's entry of default (Doc. 85) as to Defendant Dalton is **SET ASIDE**.

2) The motion for default judgment (Doc. 87) is **DEEMED MOOT**.

3) The amended complaint (Doc. 25) is **DISMISSED** as to the remaining defendant, Defendant Dalton. *See* 28 U.S.C. § 1915(e)(2)(B).

4) The Clerk of Court is directed to **CLOSE** this case.

5) Any appeal from this order is **DEEMED** frivolous and not in good faith. *See* 28 U.S.C. § 1915(a)(3).

                                                       s/Sylvia H. Rambo
                                                     SYLVIA H. RAMBO
                                                     United States District Judge

Dated: October 21, 2010.